IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-0606-WS |
| | ) | |
| TONY JAMES GARNER, | ) | CRIMINAL NO. 03-0095-WS |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on petitioner Tony James Garner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 51). The Motion has been briefed and is ripe for disposition at this time.[1]

**I.   Background.**

On November 18, 2003, Tony James Garner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The facts developed in the Presentence Investigation Report ("PSR") and the sentencing hearing reflected that on December 18, 2001, Garner entered the convenience store where his estranged wife worked, pointed a sawed-off shotgun at his wife and one of her co-workers, and threatened to kill them. (Sentencing Transcript, at 28-29; PSR, at 3-4.) When his wife exited the store and got in her vehicle, Garner shot her in her right arm and left hand, then fled the scene. (Sentencing Transcript, at 29; PSR, at 4.) Her treating physician testified at the sentencing hearing that the victim's injury was "pretty grave," involving multiple fractures and soft tissue damage to nerves, tendons and muscles, such that she has a permanent 90% disability to her left hand. (Sentencing Transcript, at 42-44.)

The Presentence Investigation Report recounted Garner's lengthy criminal history that

---

[1]   After the close of briefing, Garner filed a Motion for Leave to Supplement Memorandum of Law (doc. 57) citing additional authority that he contended supports his position. That Motion is **granted**, and petitioner's supplemental authority will be considered in weighing his § 2255 petition.

covered a period of nearly 30 years, leading to a criminal history score of 21.  (PSR, at 7-14.)  Based on this history, the PSR determined that Garner had three or more previous convictions for violent felonies and/or serious drug offenses pursuant to 18 U.S.C. § 924(e)(1),[2] thereby qualifying him for an enhanced sentence as an armed career criminal.  Although he did file objections to various other aspects of the PSR, Garner's court-appointed counsel did not express any disagreement with the armed career criminal designation.  To the contrary, at the sentencing hearing conducted on February 20, 2004, defense counsel admitted, "There's no question that Mr. Garner is an armed career criminal."  (Sentencing Transcript, at 4.)  When the Court indicated at sentencing that Garner had been found to be an armed career criminal, defense counsel responded, "We take no issue with that, Your Honor."  (*Id.* at 79.)

      Having designated Garner to be an armed career criminal under § 924(e)(1), the Court applied a base offense level of 34.[3]  This base offense level was reduced by three levels for acceptance of responsibility.  Additionally, after hearing the Government's contested motion for upward departure, the undersigned departed upward by three levels, yielding an adjusted offense level of 34. (Sentencing Transcript, at 79-80.)[4]  When considered in tandem with Garner's criminal history category of VI (based on his 21 criminal history points), this offense level produced a Guidelines range of 262 to 327 months.  The Court sentenced Garner to a high-end

---

      [2]      That provision states, in relevant part, as follows: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1).

      [3]      The base offense level of 34 was reached pursuant to U.S.S.G. § 4B1.4(b)(3)(A), which provides for that offense level if, *inter alia*, an armed career criminal under 18 U.S.C. § 924(e) used or possessed a firearm in connection with a crime of violence, which was unquestionably the case here.

      [4]      This three-level upward adjustment was made for the following reasons: (a) Garner's criminal history understated the serious likelihood that he would commit other crimes, warranting upward departure pursuant to U.S.S.G. § 4A1.3; (b) Garner posed a threat to public health or safety, warranting upward departure pursuant to U.S.S.G. § 5K2.14; and (c) the offense conduct caused significant, permanent physical injury to the victim, warranting upward departure pursuant to U.S.S.G. § 5K2.2.  (*Id.*)

sentence of 327 months' imprisonment, to be followed by a five-year term of supervised release. The Court also denied defendant's request that his federal sentence should run concurrently with any sentence imposed for then-pending charges in state court for attempted murder, which charges arose from the same facts as the federal charges.

On direct appeal, Garner assigned error to the following aspects of his sentence: (1) the denial of his request to have the federal sentence run concurrently with any state sentence on the attempted murder charge; and (2) the upward departure on grounds of likelihood of committing other crimes, threat to public safety, and physical injury to the victim. On December 22, 2004, the Eleventh Circuit affirmed Garner's sentence. (Doc. 48.) However, the Supreme Court remanded this case to the Eleventh Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which had been decided on January 12, 2005, shortly after the initial panel opinion entered in this case. On November 16, 2005, the Eleventh Circuit again affirmed Garner's sentence and reinstated the panel's prior decision. (Doc. 49.)

On September 29, 2006, Garner filed his § 2255 petition, identifying the following grounds for relief: (a) ineffective assistance of trial counsel in failing to object to the use of two third-degree burglary convictions in classifying Garner as an armed career criminal (Ground One); (b) ineffective assistance of appellate counsel in failing to present this issue on appeal (Ground Two); and (c) actual innocence of armed career criminal status because the two prior burglary convictions are nonqualifying offenses (Ground Three).

**II.     Analysis.**

All three of Garner's asserted grounds for § 2255 relief turn on his classification as an armed career criminal; therefore, the most efficient way to proceed is to examine the statutory requirements for armed career criminal status, then determine whether they are satisfied here. If they are, then that determination will be dispositive of all asserted grounds in Garner's petition, whether couched as ineffective assistance or actual innocence.

The Armed Career Criminal Act creates certain enhanced penalties for § 922(g) offenses if the defendant "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as any felony that (1) "has as an element the use, attempted use, or

threatened use of physical force against the person of another"; or (2) "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i) - (ii).

Given Garner's lengthy rap sheet, it is not clear from the PSR precisely which of his prior convictions were used in bestowing armed career criminal status on him. Among the most likely candidates are the following: (a) a 1986 conviction for attempted murder based on a June 12, 1986 incident in which Garner went to Laura Marsh's residence, shot her five times with a .22 caliber rifle, and then beat her with the rifle; (b) a 1990 conviction for third-degree burglary based on an incident in which Garner broke into an oil change shop; (c) a 1993 conviction for third-degree burglary based on an incident in which Garner broke into an auto parts shop; and (d) a 1997 conviction for third-degree burglary based on an incident in which Garner broke into the Randolph Masonic Lodge. (*See* PSR, at 7-14.)[5] Garner does not argue, and could not plausibly argue, that the 1986 conviction for attempted murder does not count as a "violent felony" for purposes of § 924(e). Rather, he argues that none of the remaining third-degree burglary convictions qualify. As such, Garner's collateral attack on his sentence in this case rests entirely on his contention that the Alabama crime of third-degree burglary is not a "violent felony" under § 924(e)(1).

The Armed Career Criminal Act specifically lists "burglary" among the offenses that qualify as "violent felonies" for armed career criminal enhancement purposes. 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, the law is clear that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *United States v. Matthews*, 466 F.3d 1271, 1274 (11th Cir. 2006) (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Likewise, "generic burglary" has been defined for § 924(e) purposes as an offense "having the basic elements of unlawful or unprivileged entry

---

[5] Garner also had a 1986 conviction for third-degree assault based on an April 19, 1986 incident in which Garner physically assaulted Marsh in such a manner that she received stitches to her hand and head. Third-degree assault is a Class A misdemeanor under Alabama law, so that conviction does not qualify for § 924(e) purposes. *See* Ala. Code § 13A-6-22.

into, or remaining in, a building or structure, with intent to commit a crime." *Matthews*, 466 F.3d at 1274 (quoting *Taylor*, 495 U.S. at 599).  Simply put, then, "Section 924(e) identifies burglary as a violent felony, but only in its generic sense: an unlawful entry into a building or other structure with the intent to commit a crime." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).

In determining whether a prior conviction qualifies as a burglary under § 924(e), the district court should "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602.  It is undisputed that, at the time of the offense of conviction in this case, Garner had multiple convictions for third-degree burglary under Ala. Code § 13A-7-7, which provides that "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." § 13A-7-7(a).[6]  This statutory language tracks precisely the definition of "generic burglary" as set forth by the Supreme Court in *Taylor*.  The Eleventh Circuit has so found in a recent unpublished decision, wherein the panel explained as follows:

> "Here, the Alabama statute, under which Moody was convicted in 1982, is unambiguous.  It defines third-degree burglary as "knowingly enter[ing] or remain[ing] unlawfully in a *building* with intent to commit a crime." Ala.Code § 13A-7-7 (emphasis added).  Simply put, because the statutory language unambiguously includes the elements of 'generic burglary,' as outlined in *Taylor*, and provides for a term of imprisonment greater than one year, it is a qualifying offense under § 924(e)."

*United States v. Moody*, 2007 WL 433507, *2 (11th Cir. Feb. 9, 2007).  This Court agrees with *Moody* that convictions for third-degree burglary under Ala. Code § 13A-7-7 are qualifying offenses under the Armed Career Criminal Act, as a matter of law.  For that reason, all of Garner's prior convictions of third-degree burglary were properly counted against him for purposes of § 924(e).  Because Garner had three such third-degree burglary convictions, as well as the 1990 attempted murder conviction, his classification as an armed career criminal by the PSR, this Court, and Garner's counsel of record was plainly correct.

---

[6] That statute also provides that third-degree burglary is a Class C felony.  *See* Ala. Code § 13A-7-7(b).  Under Alabama law, Class C felonies are punishable by terms of imprisonment of "not more than 10 years or less than 1 year and 1 day."  Ala. Code § 13A-5-6.

Garner's argument to the contrary relies heavily on *United States v. Spell*, 44 F.3d 936 (11th Cir. 1995), wherein the Eleventh Circuit found that a defendant's prior conviction for burglary of a structure under Florida's burglary statute was not a "crime of violence" for purposes of U.S.S.G. § 4B1.2(a)(2), which includes in the definition of "crime of violence" not generic burglary, but only "burglary of a dwelling." But the *Spell* line of cases is inapposite here because Garner was not declared a career offender under the rubric of §§ 4B1.1 and 4B1.2, which implement 28 U.S.C. § 994(h), but rather was deemed an armed career criminal under the distinct framework of § 4B1.4, which implements 18 U.S.C. § 924(e). The definition of "crime of violence" as used in § 4B1.1, is materially and significantly distinct from that of "violent felony" used in § 4B1.4. *See* Commentary to U.S.S.G. § 4B1.4 (noting that definitions of "violent felony" and "crime of violence" are not identical).[7] In short, it is of no consequence whether Garner's third-degree burglary convictions would qualify as "crimes of violence" for purposes of § 4B1.1, because he was not sentenced under that provision.

Nor are Garner's citations to Alabama authorities interpreting how third-degree burglary convictions fit into other criminal provisions beneficial to his cause. For example, Garner points to *Ex parte Johnson*, 620 So.2d 665 (Ala. 1993), which found that a conviction for third-degree burglary can embrace acts that would not qualify as a "crime of violence" as that term is defined in Ala. Code § 13A-11-70(2), which is part of a statute that criminalizes ownership, possession or control of a pistol after being convicted of a crime of violence. But whether Garner's third-degree burglary convictions would or would not qualify as "crimes of violence" under an

---

[7] In particular, burglary offenses within the definition of "crime of violence" are expressly confined to "burglary of a dwelling." U.S.S.G. § 4B1.2(a)(2). By contrast, the statutory definition of "violent felony" under § 924(e) lists simply "burglary," which the Supreme Court in *Taylor* construed as "generic burglary," without the limitation that said burglary be "of a dwelling." This distinction was pivotal in *Spell*, wherein the judgment of conviction's language of guilt for "burglary of a structure" included some conduct that constitutes a crime of violence and some that does not. The resulting ambiguity prompted the *Spell* panel to conclude that the district court had erred by counting this conviction towards career offender status, when it was unclear whether the defendant had actually been convicted of burglary of a dwelling or of some other aggravated conduct that might qualify as a "crime of violence" for § 4B1.1 purposes. Garner's situation is readily distinguishable from that in *Spell*, because his sentence was enhanced under an analytically distinct provision.

Alabama firearms statute is irrelevant to whether those convictions would qualify as "violent felonies" under 18 U.S.C. § 924(e). As such, *Johnson* and the other cases of that ilk cited as supplemental authorities by Garner are unavailing.

In light of the Court's finding that Garner's third-degree burglary offenses were clearly qualifying offenses for purposes of ascribing armed career criminal status to him under 18 U.S.C. § 924(e), it was not ineffective assistance of counsel for Garner's trial and appellate counsel not to argue that he did not qualify for armed career criminal status. Any such argument would have been frivolous. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (counsel is not ineffective for failing to raise issues "reasonably considered to be without merit"). Likewise, Garner's contention that he is "actually innocent" of armed career criminal status fails as a matter of law because he clearly fell within the statutory definition for such status.

### III. Conclusion.

Inasmuch as all of Garner's claims for § 2255 relief turn on his claim that he was improperly sentenced as an armed career criminal, and as applicable law unambiguously refutes that contention, Garner's § 2255 petition is meritless. Accordingly, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 51) is **denied**.[8] A separate judgment will enter.

**DONE** and **ORDERED** this 30th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[8] The law is clear that "[a] district court may deny relief under 28 U.S.C. § 2255 without an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989) (citations omitted). As the file in this case conclusively establishes that Garner is ineligible for relief under § 2255 because of a fundamental legal defect in his claims that he was improperly designated an armed career criminal under 18 U.S.C. § 924(e), an evidentiary hearing would serve no purpose. Accordingly, Garner's § 2255 petition is denied without a hearing.