IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                        ) | CIVIL ACTION 06-0606-WS |
| ) | |
| TONY JAMES GARNER,            ) | CRIMINAL NO. 03-0095-WS |
| ) | |
| Defendant.                             ) | |

**ORDER**

This matter is before the Court on petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (doc. 63) and Application for the Issuance of Certificate of Appealability (doc. 64).

**I.     Background.**

On November 18, 2003, petitioner Tony James Garner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), based on a December 2001 incident in which he had brandished a sawed-off shotgun at the convenience store where his wife worked, threatened to kill her and another person, and then shot his wife in the arm and hand when she attempted to escape.  The Presentence Investigation Report (doc. 43) determined that Garner qualified for an enhanced sentence as an armed career criminal because he had three or more previous convictions for violent felonies and/or serious drug offenses pursuant to 18 U.S.C. § 924(e)(1).  Garner's appointed counsel did not object to this determination at sentencing; to the contrary, he concurred that Garner's criminal history satisfied the statutory prerequisites for armed career criminal classification.  The Court found that Garner was in fact properly deemed an armed career criminal, thereby establishing a base offense level of 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A) for his use or possession of a firearm in connection with a crime of violence.  After appropriate adjustments, the Court calculated the relevant Guidelines range as being from 262 to 327 months, and sentenced Garner to the upper end of that range by imposing a 327-month sentence.

Following an unsuccessful direct appeal, Garner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 51).  Although

Garner's § 2255 petition purported to identify three grounds for relief, all of them centered on his contention that it was error to sentence him as an armed career criminal under § 924(e).[1]  The entire thrust of Garner's petition is that his previous third-degree burglary convictions under Alabama Code § 13A-7-7 do not qualify as "violent felonies" for purposes of the Armed Career Criminal Act because that statute penalizes non-generic burglary, and that his sentence in this case therefore should not have been enhanced pursuant to § 924(e).

On April 30, 2007, the undersigned entered an Order (doc. 58) explaining why the § 13A-7-7 convictions in question plainly qualify as "violent felonies" for armed career criminal enhancement purposes.  The Court pointed out that "Section 924(e) identifies burglary as a violent felony, but only in its generic sense: an unlawful entry into a building or other structure with the intent to commit a crime."  *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).  The Supreme Court has cautioned that courts assessing whether a prior conviction qualifies as a "burglary" for § 924(e) enhancement purposes should "look only to the fact of the conviction and the statutory definition of the prior offense."  *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).  Following this analytical blueprint, the April 30 Order examined the text of § 13A-7-7(a), which provides that "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein," and compared that language to the definition of "generic burglary" under *Taylor*, *Bennett*, and other authorities.  The Court concluded that § 13A-7-7 can only be viewed as a generic burglary statute, because the totality of the types of criminal activity that it punishes falls neatly within the Supreme Court's definition of "generic burglary," as set forth in *Taylor* and its progeny.  This conclusion was reinforced by the recent unpublished decision in *United States v. Moody*, 2007 WL 433507 (11th Cir. Feb. 9, 2007), wherein a panel of the Eleventh Circuit found that § 13A-7-7 unambiguously punishes only generic burglary and provides for a term of imprisonment greater than one year, rendering it a qualifying offense under § 924(e).  Based on that reasoning, the undersigned determined that Garner's § 2255

---

[1] Garner presented this argument in three different forms, to-wit: (a) that trial counsel had provided ineffective assistance in failing to object to the armed career criminal classification; (b) that appellate counsel had provided ineffective assistance in the same manner; and (c) that Garner is "actually innocent" of armed career criminal status.

petition, including both its ineffective assistance and actual innocence formulations, was meritless because he clearly fell within the statutory definition for armed career criminal status.

Garner filed a Motion to Reconsider, Alter or Amend (doc. 60), in which he argued that the undersigned had "applied the wrong standard," that § 13A-7-7 "criminalizes a broader range of conduct that would not constitute a violent felony under 18 U.S.C. § 924(e)," and that § 13A-7-7 could not satisfy § 924(e) eligibility requirements unless the full range of conduct it proscribes concerns the use, attempted use or threatened use of physical force against another's person. An Order (doc. 61) entered on May 16, 2007 denied the Motion to Reconsider and explained why each of petitioner's arguments cannot succeed, as a matter of law.

Petitioner proceeded to file a Notice of Appeal (doc. 62), which was received for filing by the Clerk's Office on June 6, 2007, as well as applications for issuance of a certificate of appealability and for *in forma pauperis* status on appeal. Each of these requests will be considered in turn.

## II.     Motion for Certificate of Appealability.

Garner's appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." *Id.* Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a collateral proceeding attacking a federal conviction. *Pagan v. United States*, 353 F.3d 1343, 1344-45 (11th Cir. 2003). Indeed, "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004).

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880,

893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted).  More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard).  Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El*, 537 U.S. at 338.

In support of his request for a COA, Garner proffers three principal arguments.  First, he asserts that § 13A-7-7 "has been interpreted by Alabama courts to criminalize a broader range of conduct that would not constitute a violent felony" under the Armed Career Criminal Act. (Application for COA (doc. 64), at 2.)  This statement is incorrect.  As this Court held in both its April 30 Order and its May 16 Order, the unambiguous statutory definition of the offense delineated in § 13A-7-7, which under *Taylor* is generally all that matters for purposes of determining whether a prior conviction qualifies as a "burglary" under the Act, tracks precisely the Supreme Court's definition of generic burglary, and goes no further.  Moreover, petitioner's reliance on *Womack v. State*, 462 So.2d 1020 (Ala.Crim.App. 1984), and *Ex parte Johnson*, 620 So.2d 665 (Ala. 1993), is misplaced because nothing in either of those decisions would extend the reach of § 13A-7-7 beyond the boundaries of generic burglary.[2]

---

[2] *Womack* simply states that criminal trespass in the second degree is a lesser included offense for burglary in the third degree because "the elements of the two crimes are essentially the same, except that burglary in the third degree requires proof of an intent to

Second, Garner complains that this Court's two previous orders on the subject have "ignored the cases ..., such as *Adams* and *Bennett*, Eleventh Circuit precedent, holding that similar Georgia and Florida Third degree burglary statutes are nongeneric ...." (Application for COA, at 3.)  This argument fails.  Simply put, it is irrelevant whether third-degree burglary statutes in other states are classified as generic or non-generic for § 924(e) purposes because the language of such statutes differs from that of the Alabama statute.  For example, in *Bennett*, one of the authorities championed by petitioner, the Eleventh Circuit opined that "Georgia's burglary statute is non-generic because it encompasses unlawful entry ***not just into buildings, but also into vehicles, railroad cars, and watercraft***."  472 F.3d at 832 (emphasis added).  By contrast, Alabama's § 13A-7-7 does not criminalize such conduct, but instead is limited on its face to knowing entry or unlawful remaining "***in a building*** with intent to commit a crime therein."  *Id.* (emphasis added).  Thus, judicial determinations that the Georgia burglary statute, which is not limited to unlawful entry into buildings, is non-generic have no possible impact on the status of the Alabama third-degree burglary statute, which is so limited, for purposes of application of § 924(e).  Garner's reliance on *Adams* is unavailing for the same reason.

Third, Garner again criticizes this Court's reliance on *Moody* as persuasive authority in reaching its decision.  The Court has already plowed this ground thoroughly in footnote 1 of its May 16 Order (doc. 61), and is of the opinion that no reasonable jurists could debate the propriety of the fact and manner of the undersigned's consideration of *Moody* in its determination that Garner is unquestionably an armed career criminal for § 924(e) purposes.

---

commit a crime once the trespass is made."  462 So.2d at 1021.  Petitioner seems to think that *Womack* declared the "intent" element optional for a third-degree burglary conviction under Alabama law.  It did no such thing, but simply noted that if the intent element were not satisfied then the defendant might be guilty of a <u>different</u> offense, namely, criminal trespass in the second degree.  And *Johnson* says nothing about whether § 13A-7-7 is or is not a generic burglary statute for § 924(e) purposes, but instead addresses the unrelated question of whether a conviction under § 13A-7-7 amounts to a "crime of violence" under Ala. Code § 13A-11-70(2), an Alabama provision that criminalizes pistol ownership or possession following conviction of a crime of violence.  Whether a particular offense is considered a "crime of violence" under an Alabama firearms scheme is irrelevant to whether that offense amounts to a "violent felony" for purposes of the federal Armed Career Criminal Act.  In arguing otherwise, Garner compares apples to oranges.

In short, after careful review of Garner's arguments, many of which are now being articulated for the third time in this § 2255 proceeding, the Court concludes that reasonable jurists could not debate whether Garner's § 2255 petition should have been resolved in a different manner. Alabama's third-degree burglary statute is unequivocally a generic burglary statute. Because petitioner's § 2255 motion is anchored exclusively on misguided and legally unfounded arguments to the contrary, his asserted grounds for relief are wholly inadequate to deserve encouragement to proceed further. Accordingly, petitioner's request for a COA is due to be, and the same hereby is, **denied**.

### III.    Application to Proceed on Appeal *In Forma Pauperis*.

The standard for a request to appeal *in forma pauperis* is distinct, and somewhat less stringent, than the standard for issuance of a Certificate of Appealability. "To proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous." *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986). A prisoner seeking *in forma pauperis* status must submit a financial affidavit regarding his prisoner account balance. *See* 28 U.S.C. § 1915(a)(2) (prisoner who wishes to proceed without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal"). Although Garner's Application to Proceed without Prepayment of Fees and Affidavit appended to his IFP Motion is not submitted on this District Court's form application, and is lacking certain information that is necessary reasonably to assess his economic eligibility, the Court will assume for purposes of this Order that Garner can satisfy the indigence threshold for *in forma pauperis* status on appeal.

Even with a finding of economic eligibility, however, a party may not appeal *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"); *United States v. Durham*, 130 F. Supp. 445 (D.D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v.*

*Singer Mfg. Co.*, 113 F. Supp. 281 (D.N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact).

Upon review of the § 2255 petition and the Orders entered on April 30 and May 16, this Court determines that petitioner's appeal is devoid of even arguable merit, either in law or in fact. His § 2255 petition hinges on an interpretation of Alabama's third-degree burglary statute that is devoid of any legal basis, that lacks textual support in the unambiguous statutory language, and that would rewrite binding precedent. There are no colorable grounds for challenging whether his prior convictions under that statute qualify as "violent felonies" for purposes of applying the Armed Career Criminal Act. As that is the sole basis for Garner's petition for federal post-conviction relief, the Court finds that his appeal is frivolous and is not taken in good faith. In light of this determination, Garner is not entitled to proceed on appeal without prepayment of fees, and his request to proceed on appeal without prepayment of fees and costs is **denied**.

## IV.    Conclusion.

For the foregoing reasons, petitioner's Application for the Issuance of Certificate of Appealability (doc. 64) and Motion for Leave to Proceed *In Forma Pauperis* on Appeal (doc. 63) are both **denied**.

DONE and ORDERED this 13th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE