IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY JAMES GARNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 03-0095-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Tony James Garner's Motion for Relief from Judgment Pursuant to Fed.R.Civ.Proc., Rule 60(b) (doc. 72), and his request for reopener of his petition for postconviction relief under 28 U.S.C. § 2255.

On November 18, 2003, Garner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] At the sentencing hearing conducted on February 20, 2004, this Court found that Garner should be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), inasmuch as he had three or more previous convictions for violent felonies and/or serious drug offenses. Defense counsel stated repeatedly at sentencing that defendant had no objection to that armed career criminal designation. Upon calculating Garner's guidelines range by reference to the armed career criminal provisions of § 924(e)(1), this Court sentenced Garner to a high-end term of imprisonment of 327 months.

On September 29, 2006, Garner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 51). The grounds for relief identified in that petition were as follows: (a) ineffective assistance of trial counsel in failing to

---

[1] The underlying facts of the offense were that on December 18, 2001, Garner entered the convenience store where his estranged wife worked, pointed a sawed-off shotgun at his wife and another person, and threatened to kill them. When his wife attempted to flee, Garner shot her in the arm and hand, causing multiple fractures and soft tissue damage to her nerves, tendons and muscles, such that she has a permanent 90% disability to her left hand.

object to the use of two third-degree burglary convictions in classifying Garner as an armed career criminal; (b) ineffective assistance of appellate counsel in failing to present that issue on direct appeal; and (c) actual innocence of armed career criminal status because the two prior burglary convictions are nonqualifying offenses.  On April 30, 2007, this Court entered an Order (doc. 58) denying Garner's § 2255 motion on the merits.  In particular, the April 30 Order explored in detail Garner's contention that the two burglary offenses did not qualify as violent felonies for purposes of § 924(e)(1), and explained why, as a matter of law, those offenses did so qualify.  On May 16, 2007, the undersigned entered another Order (doc. 61) denying Garner's Motion to Reconsider, Alter or Amend the April 30 Order.  The May 16 Order examined and rejected on the merits Garner's supplemental arguments against armed career criminal status that he presented at that time.  On appeal, the Eleventh Circuit denied Garner's motion for certificate of appealability in August 2007 (doc. 70) and denied his ensuing motion for reconsideration in October 2007 (doc. 71).

Now, more than a year later, Garner attempts to breathe new life into his baseless § 2255 petition under the guise of Rule 60(b), Fed.R.Civ.P., by asking this Court to vacate the April 30, 2007 and May 16, 2007 Orders, and reinstate his § 2255 petition.

The threshold question is whether this Court even possesses jurisdiction to consider this Rule 60(b) Motion, given the restrictions on second or successive habeas petitions.  Interpreting the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  The pertinent question is whether Garner's Rule 60(b) motion is actually a second or successive § 2255 petition in disguise.  "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007).  The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293-94 (quoting *Gonzalez*, 545 U.S. at 532).  By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on

the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).

Here, Garner artfully pleads his Rule 60(b) motion to shoehorn it within the narrow window of opportunity for review created by *Gonzalez*. To identify "some defect in the integrity of the federal habeas proceedings," Garner argues that this Court "completely failed to properly address each of Mr. Garner's habeas claims." (Doc. 72, at 7.) By way of explanation, Garner insists that this Court "fail[ed] to adequately and independently address his habeas claim of actual innocence," and decries the Court's ruling on his § 2255 motion when the record "was completely barren of any form of evidence of judicially noticeable facts that would have allowed the court to fully and fairly evaluate the merits of Mr. Garner's allegations of his actual innocence claims." (Doc. 72, at 7, 9.) Garner asserts that there needed to be "judicially noticeable factual evidence ... that Mr. Garner knowlingly [*sic*] entered in either of the particular buildings, or, for that matter, that he actually entered either of them, with the expressed intent to commit a crime therein." (*Id.* at 8-9.) As the Court understands it, then, Garner maintains that the federal habeas proceedings were fatally infirm because this Court failed to allow him to develop the record via evidentiary hearing as to whether or not he was actually innocent of the two third-degree burglary convictions that were used against him for purposes of determining his status as an armed career criminal. Garner also faults the § 2255 proceedings on the ground that his claim for habeas relief "would necessarily require a hearing on the merits of his fact specific allegations of his trial attorney's ineffectiveness in relation to his claims of being actually innocent of the application of the ACCA's enhancement provision." (*Id.* at 11.)

Given the manner in which Garner has postured his Rule 60(b) Motion, it appears that he has properly framed it as a defect in the integrity of his § 2255 proceedings (*i.e.*, the Court's failure to grant Garner a hearing to develop a record in support of his claims of actual innocence of armed career criminal status and his counsel's alleged ineffectiveness in relation to the armed career criminal enhancement applied at sentencing). As such, the Court finds that, under *Gonzalez*, his Rule 60(b) Motion cannot be construed as a second or successive habeas petition, but must instead be considered on the merits. *See, e.g., Williams*, 510 F.3d at 1295 (petitioner could properly argue in Rule 60(b) motion that district court should have permitted further briefing before ruling on habeas motion); *Hunt v. United States*, 2008 WL 2898213, *1 (11th Cir.

July 29, 2008) (vacating and remanding district court's denial of Rule 60(b) motion as successive habeas corpus application, where motion claimed a defect in the process of his prior habeas proceedings, such that district court was required to address merits of Rule 60(b) motion).

The problem for Garner is that the circumstances he outlines do not support the granting of Rule 60(b) relief. Indeed, "[a]n evidentiary hearing is not required whenever a petitioner asserts a claim of ineffective assistance under section 2255." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). The law is clear that "[a] district court may deny relief under 28 U.S.C. § 2255 without an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989) (citations omitted); *see also Gordon*, 518 F.3d at 1301 (similar). As this Court explained in denying Garner's § 2255 petition on April 30, 2007, this is just such a case.

Here, Garner says an evidentiary hearing was necessary before adjudication of his § 2255 petition to allow him to develop a record that he was actually innocent of the predicate burglary offenses that triggered his armed career criminal enhancement. But defendant never challenged that he was actually convicted of attempted murder in 1986, and of third-degree burglary under Ala. Code § 13A-7-7 on at least two occasions in the 1990s. Contrary to Garner's suggestion, it would have been clear error for this Court to examine the actual offense conduct involved in those convictions, such as whether Garner "knowlingly [*sic*] entered in either of the particular buildings or ... that he actually entered either of them, with the expressed intent to commit a crime therein." (Doc. 72, at 8-9.) The Supreme Court has explained that, in determining whether a prior conviction qualifies for § 924(e) purposes, the trial court is generally required "to look only to the fact of conviction and the statutory definition of the prior offense," at least where the statutory definition substantially corresponds to generic burglary. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In ruling on Garner's § 2255 motion, the Court expressly found that Ala. Code § 13A-7-7 precisely tracked the definition of "generic burglary" as set forth in *Taylor*. Therefore, it would have been improper to conduct an evidentiary hearing to examine the offense conduct at issue in those prior convictions, given *Taylor*'s clear directive that the § 924(e) analysis should be confined to (a) the fact of conviction (which Garner has never disputed) and (b) the statutory definition of the prior offense (which could obviously be ascertained without an evidentiary hearing). In short, it

was not error for this Court to decline to conduct a hearing to allow Garner to develop evidence concerning the underlying offense conduct involved in Garner's third-degree burglary convictions.  *See United States v. Krawczak*, 331 F.3d 1302, 1306 (11th Cir. 2003) (if there are no ambiguities as to the judgment of conviction and the statute, "the Sentencing Guidelines prohibit a court from reviewing the underlying facts of a [prior state] conviction to determine whether guidelines enhancement should apply").  The mini-trial sought by Garner as to his prior convictions was both procedurally improper and precluded by binding precedent.

Garner alternatively suggests that an evidentiary hearing was necessary to allow him to develop the record to demonstrate his trial attorney's ineffectiveness with respect to his claim of "actual innocence" pertaining to the armed career criminal enhancement.  But factual development on this point would have been utterly unhelpful and unnecessary.  As the Court explained in both the April 30 Order and the May 16 Order, Garner qualified as an armed career criminal for purposes of § 924(e) as a matter of law.  There were no disputed or unknown facts that required exploration via hearing before that determination could be made.  Simply put, Garner's lengthy history of violent felony convictions unquestionably placed him within the ambit of the armed career criminal enhancement in this case.  To conduct a hearing as to why Garner's trial counsel failed to contest the armed career criminal enhancement would have been a futile, wasted endeavor, because any objections to Garner's armed career criminal designation that counsel made would have been legally frivolous, such that it could not amount to constitutionally defective performance warranting § 2255 relief for counsel to fail to raise them.  *See, e.g., Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance").

For all of the foregoing reasons, Garner's contention that this Court's previous orders denying his motion for postconviction relief under 28 U.S.C. § 2255 should be vacated, set aside, or altered in some way because this Court failed to grant him a hearing before entering those rulings is **denied**.  There was no error, much less the kind of extraordinary circumstances that must be present to justify Rule 60(b)(6) relief.  *See, e.g., Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances.").

DONE and ORDERED this 7th day of November, 2008.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE