IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY JAMES GARNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-0095-WS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Tony Garner's Motion for Reconsideration (doc. 86). Both this Court and Magistrate Judge Cassady have already written extensively to the reasons for denial of Garner's Rule 60(b)(6) motion and the accompanying denial of his requests for certificate of appealability and *in forma pauperis* status on appeal from same. (Docs. 73, 76, 81.) Nonetheless, for purposes of clarification, and at the risk of redundancy, the undersigned will explain briefly why the Motion for Reconsideration is baseless.

The gravamen of Garner's Rule 60(b) motion was that this Court erroneously denied his § 2255 motion without first conducting an evidentiary hearing as to whether or not he was actually innocent of the two third-degree burglary convictions that were used against him for purposes of determining his status as an armed career criminal. In rejecting that theory of obtaining Rule 60(b) relief, the Court reasoned as follows:

> "Here, Garner says an evidentiary hearing was necessary before adjudication of his § 2255 petition to allow him to develop a record that he was actually innocent of the predicate burglary offenses that triggered his armed career criminal enhancement. But defendant never challenged that he was actually convicted of attempted murder in 1986, and of third-degree burglary under Ala. Code § 13A-7-7 on at least two occasions in the 1990s. Contrary to Garner's suggestion, it would have been clear error for this Court to examine the actual offense conduct involved in those convictions, such as whether Garner "knowingly [*sic*] entered in either of the particular buildings or ... that he actually entered either of them, with the expressed intent to commit a crime therein." (Doc. 72, at 8-9.) The Supreme Court has explained that, in determining whether a prior conviction

> qualifies for § 924(e) purposes, the trial court is generally required "to look only to the fact of conviction and the statutory definition of the prior offense," at least where the statutory definition substantially corresponds to generic burglary. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).  In ruling on Garner's § 2255 motion, the Court expressly found that Ala. Code § 13A-7-7 precisely tracked the definition of "generic burglary" as set forth in *Taylor*.  Therefore, it would have been improper to conduct an evidentiary hearing to examine the offense conduct at issue in those prior convictions, given *Taylor*'s clear directive that the § 924(e) analysis should be confined to (a) the fact of conviction (which Garner has <u>never</u> disputed) and (b) the statutory definition of the prior offense (which could obviously be ascertained without an evidentiary hearing).  In short, it was not error for this Court to decline to conduct a hearing to allow Garner to develop evidence concerning the underlying offense conduct involved in Garner's third-degree burglary convictions.  *See United States v. Krawczak*, 331 F.3d 1302, 1306 (11th Cir. 2003) (if there are no ambiguities as to the judgment of conviction and the statute, "the Sentencing Guidelines prohibit a court from reviewing the underlying facts of a [prior state] conviction to determine whether guidelines enhancement should apply").  The mini-trial sought by Garner as to his prior convictions was both procedurally improper and precluded by binding precedent."

(November 7, 2008 Order (doc. 73), at 4-5.)

In his Motion to Reconsider, Garner for the first time embraces a brand-new theory of relief that flatly contradicts his prior filings in this case.  Specifically, Garner attacks the denial of his Rule 60(b) motion as "completely ignor[ing] the fact that the Government completely failed to present any amount of record evidence that Mr. Garner actually plead guilty to, and was convicted of, any form of a burglary offense in the state court(s)." (Doc. 86, at 3.)  Garner continues that "there is absolutely nothing to support the district court's findings that it can be conclusively stated that Mr. Garner was actually adjudged guilty of any form of burglary offense for the purposes of the sentencing court's application of § 924(e)'s armed career offender enhancement provision to the sentence imposed." (*Id.* at 5.)  Remarkably, Garner proceeds to hypothesize that "for all that is currently known ..., Mr. Garner may have very well been able to successfully plea bargained [*sic*] the original charges of burglary down to simple theft of property offenses ....  The same is likewise true with respect to the prior criminal offense charges of assault, which may have also been reduced down to simple criminal trespassing or criminal mischief." (*Id.* at 7.)  Yet Garner never asserts, even now, that he was not actually convicted of third-degree burglary on two occasions.  He simply says it was error for the Court not to hold an

evidentiary hearing in the § 2255 case to develop record proof of such convictions.

Such contentions are utterly devoid of merit. The Presentence Investigation Report upon which this Court relied at sentencing reflected that, among other things: (1) Garner was convicted of attempted murder in Wilcox County Circuit Court, Case # CC-86-42, and sentenced on October 7, 1987; (2) Garner was convicted of two cases of third-degree burglary in Jefferson County Circuit Court, Case #s CC-91-928 & CC-91-929, and sentenced on August 12, 1991; (3) Garner was convicted of third-degree burglary in Jefferson County Circuit Court, Case # CC-93-2106, and sentenced on August 6, 1993; and (4) Garner was convicted of third-degree burglary in Bibb County Circuit Court, Case # CC-98-028, and sentenced on September 28, 1998. (PSR (doc. 43), at 9-11.) Neither prior to nor during sentencing did Garner or his attorney ever suggest that the criminal history information set forth in his Presentence Investigation Report was inaccurate.

Moreover, at no time in the § 2255 proceedings did Garner maintain to this Court that he was not actually convicted of attempted murder on one occasion and third-degree burglary on at least two others. To the contrary, Garner expressly and repeatedly admitted the existence of those burglary convictions. In his Memorandum of Law (doc. 56) filed on December 15, 2006, Garner stated, "Mr. Garner was charged and convicted of third degree burglary under § 13A-7-7. ... [T]he only disputed issue is whether the two prior third degree burglary convictions are qualifying offenses under § 924(e)(2)(B)." (Doc. 56, at 5-6.) Similar admissions are sprinkled throughout Garner's § 2255 briefs.[1] It is frivolous for Garner now to ascribe error to this Court's failure to conduct an evidentiary hearing in the § 2255 proceedings to determine whether Garner had ever been convicted of third-degree burglary, inasmuch as Garner unequivocally admitted the fact of conviction of those predicate offenses in his § 2255 submissions.

In short, the linchpin of Garner's Motion to Reconsider is that there was no record evidence adduced in the § 2255 proceedings that Garner was ever adjudged guilty of two predicate offenses of third-degree burglary. But it would have been a waste of time and

---

[1] For example, in his § 2255 petition, Garner adopted the criminal history portion of the PSR in admitting that he pleaded guilty to third-degree burglary in 1990 and 1993. (Doc. 51, at 7.) That document repeatedly references "Mr. Garner's two third degree burglary convictions" and "his two third degree burglary convictions." (*Id.* at 8-9.)

resources to conduct an evidentiary hearing on that basis because (a) Garner never challenged the existence of those convictions, either at sentencing or in his § 2255 filings, and (b) Garner conceded the fact of those convictions on numerous occasions in his § 2255 submissions.  As such, Garner's Rule 60(b) motion, which purports to attack a defect in the integrity of his § 2255 proceedings in the Court's failure to hold an evidentiary hearing, is patently frivolous.  There was no need for an evidentiary hearing on the fact of the predicate convictions because Garner had never disputed, and had in fact openly admitted, their existence.  Even now, in his Motion to Reconsider, Garner stops short of denying that the predicate convictions occurred, but instead couches his argument in speculation and hypothesis about what "may" have happened in state court.  Garner cannot be allowed to manipulate the Rule 60(b) process in this manner, faulting the Court for failing to conduct a hearing in the § 2255 proceedings to investigate facts that he himself conclusively admitted and never, ever denied.  *See generally Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) ("An evidentiary hearing is not required whenever a petitioner asserts a claim of ineffective assistance under section 2255."); *Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989) ("A district court may deny relief under 28 U.S.C. § 2255 without an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") (citations omitted).

      For all of these reasons, this Court remains of the opinion that Garner's appeal of the denial of his Rule 60(b) Motion is an entirely frivolous endeavor, that Garner is proceeding in bad faith, and that his request to proceed without prepayment of fees and costs on appeal was properly denied.  Accordingly, the Motion for Reconsideration (doc. 86) of the denial of his IFP motion is likewise **denied**.

      DONE and ORDERED this 2nd day of March, 2009.

                                    s/ WILLIAM H. STEELE
                                    UNITED STATES DISTRICT JUDGE