IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CRIMINAL NO. 03-0095-WS |
| ) | |
| TONY JAMES GARNER,        ) | |
| ) | |
|     **Defendant.**      ) | |

**ORDER**

    This matter comes before the Court on the Joint Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 103).[1]  In the Motion, defendant, Tony James Garner, seeks vacatur of his sentence pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  In particular, Garner maintains that, in the wake of *Johnson*, he does not have three qualifying convictions under the Armed Career Criminal Act and that he is therefore entitled to resentencing.

    The fundamental problem with Garner's § 2255 Motion is that it is an unauthorized second or successive petition.  Because Garner previously filed an unsuccessful Motion to Vacate (doc. 51) on September 29, 2006, he cannot proceed with his new § 2255 Motion unless he first obtains authorization to do so from the Eleventh Circuit Court of Appeals.  *See, e.g.,* 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."); *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the

---

[1]     Defendant appears to have filed two identical copies of his Motion at the same docket entry in the court file.

second or successive motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

In recognition of this shortcoming, Garner filed a Motion to Hold in Abeyance (doc. 104) yesterday. In that Motion, he asks the court to defer ruling on his pending § 2255 Petition "pending a ruling on a second or successive application … which he expects to be filed next week." (*Id.*) But Garner has already tried and failed to obtain leave to file a second or successive § 2255 motion. On June 1, 2016, the Eleventh Circuit entered an order concluding that "Garner has not made a *prima facie* case that he has raised a claim meeting the statutory criteria of § 2255(h)." (Doc. 102, at 8.) In so holding, the Eleventh Circuit examined the record and determined that Garner was ineligible for *Johnson* relief, reasoning that "[b]ecause we know the burglaries were counted under the enumerated crimes clause [of ACCA, rather than its residual clause implicated by *Johnson*], Garner has not made a *prima facie* showing under § 2255(h)." (*Id.* at 13.) On that basis, the Eleventh Circuit's June 1 Order specified that Garner's "application for leave to file a second or successive motion is hereby DENIED." (*Id.*)

In short, Garner's Motion to Hold in Abeyance (doc. 104) asks that his current § 2255 motion be allowed to remain pending until he gets a ruling from the Eleventh Circuit on his application for leave to file a second or successive § 2255 motion. The Eleventh Circuit has already supplied such a ruling and denied such leave. While Garner is free to seek whatever remedies he might deem appropriate from the appellate courts, the Eleventh Circuit's directive in the June 1 Order is unambiguous, to-wit: Garner is not authorized to file a new § 2255 motion. The current § 2255 motion was thus filed improperly, and there is no reason to hold it in abeyance pending the Eleventh Circuit's adjudication of Garner's second or successive application because the Eleventh Circuit has already denied such an application from him less than three weeks ago. Accordingly, the Motion to Hold in Abeyance (doc. 104) is **denied**.

More broadly, for all of the foregoing reasons, this Court lacks jurisdiction to consider the Joint Motion to Vacate Sentence (doc. 103). Such Motion is **denied** as an unauthorized second or successive § 2255 petition, without prejudice to Garner's ability to refile the § 2255 motion if he obtains the requisite approval from the court of appeals.

DONE and ORDERED this 17th day of June, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE