IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-0095-WS |
| ) | |
| TONY JAMES GARNER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on petitioner Tony James Garner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 107). In the Motion, Garner again seeks to advance a claim that he was improperly sentenced under the Armed Career Criminal Act because, in the wake of recent legal developments, he no longer has three qualifying predicate offenses.

This Motion is not Garner's first attempt to litigate such a claim via § 2255 petition. It is at least his fourth. Back on June 8, 2016, he filed a Joint Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 103), raising substantially the same claim for relief. By Order (doc. 105) entered on June 17, 2016, the undersigned denied the Motion to Vacate as an unauthorized second or successive petition. The June 17 Order explained to Garner in some detail that binding authority forbids a district court from considering a second or successive § 2255 petition which the appropriate court of appeals has not authorized the petitioner to file. The June 17 Order further noted that Garner had previously unsuccessfully petitioned the Eleventh Circuit for leave to pursue a second or successive § 2255 motion. (*See* doc. 102.) Following this Court's ruling, Garner again went to the Eleventh Circuit, again requested leave to file a second or successive § 2255, and was again denied such authorization on or about July 21, 2016. (*See* doc. 106, at 5 ("Garner's claim is barred by § 2244(b)(1) because he raises substantially the same claim in the instant application that was raised and rejected in his prior application, and … he cannot use the current application to seek reconsideration of our prior order.").)

Undaunted, Garner now tries for a fourth time to present his ACCA-predicate offense argument in a § 2255 Motion. This time, however, he endeavors to circumvent the restriction on second or successive habeas petitions altogether by labeling his filing a "Second-in-Time 28

U.S.C. § 2255," and insisting that his new petition is outside the boundaries of the "second or successive" rule. Garner is correct that not all habeas applications filed second or successively in time fit within the AEDPA's restrictions on second or successive petitions. *See, e.g., Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) ("the Supreme Court has unequivocally explained that the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time"). Garner is incorrect, however, in arguing that the claims he asserts here fall within that "small subset of unavailable claims that must not be categorized as successive." *Id.* at 863. The types of claims that Garner "wants to raise are claims that can be and routinely are raised in initial habeas petitions. The violation of constitutional rights asserted in these claims occur[s], if at all, at trial or sentencing and [is] ripe for inclusion in a first petition. … [T]his is the usual case where a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's second or successive bar." *Tompkins v. Secretary, Dep't of Corrections*, 557 F.3d 1257, 1260 (11th Cir. 2009) (citation and internal marks omitted); *see also Stewart*, 646 F.3d at 861 ("[I]f the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive **even if the legal basis for the attack was not**.") (citation omitted and emphasis added). Thus, Garner improperly invokes the *Panetti / Cain* line of authorities in an attempt to dodge the second-or-successive authorization requirement. To allow his petition in these circumstances would impermissibly expand the exceedingly narrow scope of this limited exception to AEDPA's stringent "second or successive" rules.

Simply put, Garner has once again attempted to file an unauthorized second or successive § 2255 application which the Eleventh Circuit Court of Appeals has repeatedly denied him permission to pursue. This Motion is improper, and the Court lacks jurisdiction to hear it. Accordingly, Garner's "Second-in-Time 28 U.S.C. § 2255" (doc. 107) is **denied** as an unauthorized second or successive § 2255 petition.

DONE and ORDERED this 10th day of May, 2017.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE