IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY GARNER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CRIMINAL NO. 03-0095-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

    This matter comes before the Court on petitioner Tony Garner's *pro se* filing styled "3582 Compassionate Relief Motion" (doc. 120).  In his Motion, Garner identifies the following grounds that he contends are extraordinary and compelling reasons justifying early release: (i) the fact that the Eleventh Circuit and this Court have repeatedly deemed him ineligible for relief from armed career offender status despite intervening changes in the law that he (incorrectly) believes would preclude him from qualifying as an armed career offender if he were sentenced today; (ii) the Supreme Court's *Booker* decision resulting in sentencing guidelines being advisory rather than mandatory; (iii) his medical conditions, including high blood pressure, high cholesterol, acid reflux, and a back injury that dates back to his military service;[1] and (iv) the classes and programs that he has successfully completed in prison, and his individualized re-entry plan.  On that basis, Garner indicates his desire that "this Honorable Court will give me something off my long sentence." (Doc. 120, PageID.669.)

    Although he does not mention it, Garner's Motion actually constitutes his second attempt in recent months to obtain compassionate relief from his sentence under the provisions of 18 U.S.C. § 3582(c)(1)(A)(i) and § 603 of the First Step Act of 2018 ("FSA").  On June 1, 2020, the Court entered an Order (doc. 119) denying Garner's first Motion for Compassionate Release

---

[1]     The Presentence Report reflects that Garner was honorably discharged from military service in May 1979 (doc. 43, ¶ 76); therefore, this back issue is one with which Garner has lived for more than four decades.

(doc. 119) filed pursuant to § 3582(c)(1)(A)(i).  The June 1 Order considered and rejected Garner's claim "that compassionate release or sentence reduction may be appropriate based on subsequent changes in ACCA law which the Eleventh Circuit has declined to authorize Garner to litigate via second or successive § 2255 motion."  (Doc. 119, PageID.664.)  More importantly, the Court expressly stated in the June 1 Order that even if it had discretion to reduce Garner's sentence under the "extraordinary and compelling reasons" provision of § 3582(c)(1)(A), it would decline to do so in this case.  Indeed, the June 1 Order indicated as follows:

> "Given the severity and brutality of the offense conduct, Garner's extensive criminal history, the traumatic and permanently disabling injuries he inflicted on his victim, and all other § 3553(a) sentencing factors, the undersigned remains convinced that the sentence imposed in this case was just, reasonable and appropriate, notwithstanding Garner's oft-recurring objections based on subsequent changes in the law.  As such, the Court finds that none of the circumstances described in Garner's Motion are 'extraordinary and compelling,' and that no sentencing relief under § 3582(c)(1)(A)(i) is warranted in this case, even if such Motion were properly considered on the merits."

(Doc. 119, PageID.664-65.)

Insofar as Garner's latest § 3582(c) Motion rehashes the ACCA-related grounds for relief, it is denied for precisely the same reasons articulated in the June 1 Order.  As for Garner's contention that *Booker* is an extraordinary and compelling reason justifying sentence modification because "[a]t sentencing the Judge told the petitioner that his [hands] [were] tied because of the Guidelines, which was mandatory and he couldn't go below the mandatory minimum" (doc. 120, PageID.669), petitioner misstates the facts.  This Court never informed Garner at sentencing that his hands were tied by the then-mandatory Sentencing Guidelines, much less suggested that the Court would have wished to impose a lower sentence if it could.  Quite the contrary, the Court sentenced Garner to the <u>maximum</u> amount of time possible under the Guideline calculations made at the time.  The Court was convinced then, and remains convinced today, that the 327-month sentence imposed on Garner was entirely just, reasonable and appropriate given the circumstances discussed above.  The fact that Garner was sentenced under a mandatory guidelines system in no way favors § 3582 relief in this case.

Nor do the other considerations identified in Garner's Motion even approach the strict standard for sentencing relief on an "extraordinary and compelling reasons" theory.  The medical conditions described by Garner (chronic back pain, high blood pressure, high cholesterol and severe acid reflux) do not constitute the sort of ailments that require, or even strongly favor, early

release from prison on grounds of compassionate relief.  And post-sentencing rehabilitation efforts such as Garner's, while laudable and worthy of encouragement, do not rise to the level of being "extraordinary" or "compelling" factors justifying compassionate relief under § 3582(c)(1)(A)(i).

In short, the Court concludes that none of the circumstances identified by Garner's Motion, considered individually or collectively, rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction in this case.  Therefore, Garner is ineligible for the relief he seeks.  Moreover, and as explained in the June 1 Order, even if Garner were eligible for compassionate release or sentence modification under § 3582(c)(1)(A)(i), the Court would exercise its discretion to deny the Motion because of the undersigned's assessment that the sentence imposed in this case was just, reasonable and appropriate.  Nothing in Garner's latest Motion has altered the Court's determination in that regard.

For all of the foregoing reasons, Garner's *pro se* filing styled "3582 Compassionate Relief Motion" (doc. 120) is **denied**.

DONE and ORDERED this 9th day of October, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE