**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 03-095-WS** |
| | ) | |
| **TONY JAMES GARNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 243).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

**I. Proper Motion.**

"In order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to

the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).[1] It appears that the defendant satisfies this requirement for relief. (Doc. 122-1 at 1-2).

**II. Extraordinary and Compelling Reason.**

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. § 1B1.13. The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021).

An extraordinary and compelling reason for compassionate release arises when the defendant is at least 65 years of age, has served at least ten years of his sentence, and "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2). The defendant invokes this provision. (Doc. 122 at 6). The defendant is 66 years of age, (Doc. 43 at 2), and he has served over ten years. The defendant says he has "many physical illiness [sic] because of aging," but he identifies none of them. (*Id.*). Instead, he claims that he has been rebuffed in his efforts to obtain his prison medical records. (*Id.*). Had the defendant identified specific conditions he experiences that he believes could satisfy Section 1B1.13(b)(2), it might be appropriate to review his medical records to confirm they exist; however, the defendant having failed to do so, the absence of his medical records is irrelevant.[2]

[1] This Court has previously reached the same conclusion. *United States v. Young*, 2022 WL 1487389 at *2 (S.D. Ala. 2022).

[2] On a previous motion for compassionate release, when he was 62 years old, the defendant identified his medical issues as: chronic back pain; high blood pressure; high cholesterol; and severe acid reflux. (Doc. 122 at 2). As of September 2020, all were managed with mild medications (including only aspirin for back pain). (Doc. 120 at 34). A "serious deterioration" requires deterioration "beyond what is normal to many individuals as part of the aging process," *United States v. Ramirez*, 2022 WL 17411279 at *1 (11th Cir. 2022), and conditions managed on so mild a regimen do not indicate such a deterioration. *See, e.g., id.* (high blood pressure and high cholesterol managed with medication did not support relief under Section 1B1.13(b)(2); *id.* (use of a cane and walker did not support such relief); *United States v.* (Continued)

A newly minted potential extraordinary and compelling reason for compassionate release is the primary basis of the defendant's motion:

> UNUSUALLY LONG SENTENCE. – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

This provision includes the following requirements: (1) that the defendant have received an "unusually long sentence"; (2) that the defendant have "served at least 10 years of the term of imprisonment"; (3) that there have been a "change in the law"; and (4) that the change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." If all those circumstances exist, the change in the law "may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only … after full consideration of the defendant's individualized circumstances."

The defendant is serving a 327-month sentence upon a conviction for violating Section 922(g)(1). The Court is prepared to consider that an "unusually long sentence." The defendant was sentenced in March 2004 and so has "served at least 10 years."

The defendant's sentence was driven by his status under Section 924(e)(1) as an armed career criminal, which triggered a 180-month statutory minimum and fueled a guideline range of 188-235 months. The government sought a six-level upward departure and a sentence of 450 months. (Doc. 26). The Court granted the motion in part, departed upward by three levels, and imposed a sentence at the high end of the enhanced guideline range. (Doc. 46 at 79-80).

*Cetre*, 2022 WL 1640682 at *3 (11th Cir. 2022) (low back pain did not support relief under Section 1B1.13(b)(2)).

The defendant appears to be correct that his three Alabama convictions for burglary third no longer can be counted as "violent felon[ies]" under Section 924(e)(1). *United States v. Howard*, 742 F.3d 1334, 1342-49 (11th Cir. 2014). He may also be correct that he does not have three other convictions that could count as "a violent felony or a serious drug offense."[3] If, as the defendant argues, he could not today be sentenced as an armed career offender, the statutory maximum sentence he could receive is 180 months. 18 U.S.C. § 924(a)(8). The Court is prepared to accept that *Howard* represents a "change in the law" and that the difference between 180 months and 327 months represents a "gross disparity."

Even granting all the foregoing does not compel the Court to recognize an extraordinary and compelling reason for compassionate release. As noted, Section 1B1.13(b)(6) permits, but does not require, a court to find an extraordinary and compelling reason for release based on satisfaction of the four listed elements and, before finding such a reason, a court must fully consider the defendant's individualized circumstances. Upon doing so, the Court does not find an extraordinary and compelling reason for relief to exist.

As the Court noted at sentencing: (1) the defendant's criminal history is vastly understated;[4] (2) the defendant has a frightening, prolonged history of violent crime and is likely to commit more such crimes;[5] and (3) the facts of the instant offense reflect that he visited gross

[3] The defendant has three state drug convictions. These can be considered "serious drug offenses" only if they involved more than mere possession. 18 U.S.C. § 924(e)(2)(A)(ii). The two Alabama convictions plainly involved mere possession of barely a gram of marijuana. (Doc. 43 at 12). Because the New Jersey conviction was for possession with intent to distribute, (*id*. at 8), it may qualify as a serious drug offense.

The defendant has a conviction for receiving stolen property and for breaking and entering a vehicle. (Doc. 43 at 9-10, 12). These crimes, however serious, presumably are not violent felonies under Section 924(e). The defendant has a conviction for attempted murder, (*id*. at 9), which presumably is a violent felony. Finally, the defendant has a conviction for assault third, (*id*. at 8-9), which is and was a misdemeanor. Ala. Code § 13A-6-22.

[4] The defendant accumulated nineteen criminal history points (exclusive of status points), (Doc. 43 at 13), far more than the thirteen necessary to achieve a criminal history category of VI.

[5] The defendant was convicted of attempted murder after shooting the victim five times with a .22 caliber rifle, then beating her with the weapon until it broke into pieces. (Doc. 43 at 9). The defendant had been previously convicted of assaulting the same victim, requiring (Continued)

physical harm on the victim,[6] with all these points justifying an upward departure and the sentence imposed. (Doc. 46 at 79-80). Even if the defendant would receive a substantially shorter prison term were he to be sentenced today, in the Court's view such a sentence would not be commensurate with the gravity of the crime of conviction, his associated conduct, and his long, violent criminal history.[7]

**III. Policy Statements.**

Even when extraordinary and compelling reasons for a sentence reduction exist, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The defendant does not provide the Court any basis for concluding he is no longer such a danger.[8] On the present record, the Court is

stitches to her hand and head. (*Id*. at 8-9). Other assault charges over the years were *nolle prossed*, (*id*. at 13), and an unrelated attempted murder charge was pending at the time of sentencing. (*Id*. at 14).

[6] The defendant entered the victim's place of employment with a sawed-off shotgun, ordered her and the store manager to face the wall, threatened to kill the manager if he looked around, announced he was going to kill the victim, and fired on her as she fled, inflicting wounds that left her permanently partially disabled. (Doc. 43 at 3-5).

[7] The Court notes that the state charges arising out of the subject incident were dismissed, presumably because the state system deemed the federal sentence sufficient to vindicate state interests. Because it is not necessary to its decision, the Court defers to another day the question whether, and to what extent, a federal court considering a motion relying on Section 1B1.13(b)(6) can or should consider the state system's deference to the federal system's punishment of a defendant.

[8] On the contrary, while suggesting that the Court infer from his age that he is no longer a violent person, he states that living in the Southern District of Alabama "would raise my public safety factor my threat to the community [sic]," (Doc. 122 at 8), a concession indicating there is cause for concern.

unpersuaded that the defendant is no longer a danger to the community or to his prior victims. The defendant therefore does not satisfy the third requirement for compassionate release.

**IV. Section 3553(a).**

On the present record, and for reasons stated in its orders denying the defendant's prior motions for compassionate release, (Docs. 119, 121), the Court remains satisfied that the defendant's existing sentence is sufficient, but not greater than necessary, to satisfy the purposes set forth in Section 3553(a).[9] The defendant therefore does not satisfy the fourth requirement for compassionate release.

**V. Conclusion.**

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

DONE and ORDERED this 28th day of June, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[9] The defendant has offered records of classes and courses completed, (Doc. 122-1 at 3-27), which he equates with rehabilitation. (Doc. 122 at 6-7). The Court continues to describe the defendant's efforts as "laudable and worthy of encouragement," (Doc. 121 at 3), but they do not of themselves suggest substantial rehabilitation, especially without accompanying testimonials from disinterested persons.